IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-376-FL

| | |
|---|---|
| EVANGELINE G. HAMMOND, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTH STATE ACCEPTANCE, LLC; JIM RATCLIFF Owner; STEPHEN MOSS Branch Manager; COURTNIE SCOTT Assistant Branch Manager; and MICHELLE HUNT Collection Manager; | ) ORDER |
| Defendants. | ) |

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6), and to quash pursuant to Rule 4 (DE 30), and plaintiff's motion for extension of time to file response (DE 32). The motions are ripe for ruling. For the following reasons, defendants' motion is granted in part and denied in part, and plaintiff's motion is denied as moot. Plaintiff is allowed an extension of time of 90 days from the date of this order to perfect service.

**BACKGROUND**

Plaintiff commenced this action pro se September 17, 2021 with a motion for leave to proceed in forma pauperis. This court granted her motion June 30, 2022, after plaintiff corrected several deficiencies. The complaint asserts claims for discrimination, harassment, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"), as well as defamation in violation of state law. Plaintiff alleges she worked

1

previously for defendant North State Acceptance, LLC ("North State Acceptance") as an account adjuster, and that individual defendants Jim Ratcliff ("Ratcliff"), owner; Stephen Moss ("Moss"), branch manager; Courtnie Scott ("Scott"), assistant branch manager; and Michelle Hunt ("Hunt"), collection manager, were involved in her allegedly discriminatory harassment and wrongful termination.

Plaintiff filed proposed summonses for defendants (DE 10), and the clerk issued the summonses and filed summonses executed by the United States Marshals Service at the address provided. (DE 13-17). Defendants then filed the instant motion to dismiss the action for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim. Plaintiff responded in opposition and she filed the instant motion seeking an extension of time to file a response.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal based upon "lack of personal jurisdiction," and Rules 12(b)(4) and 12(b)(5) provide for dismissal based upon insufficient process and insufficient service of process.[1] "Failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); see Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Plaintiff bears the burden both of showing

---

[1] Defendants' motion also references. R. Civ. P. 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim), but their memorandum does not present any arguments for dismissing the action on those grounds. That part of defendants' motion seeking dismissal under 12(b)(3) and 12(b)(6) is therefore denied without prejudice.

2

Case 5:21-cv-00376-FL   Document 34   Filed 10/18/22   Page 2 of 5

personal jurisdiction and establishing that effective process has been served properly. See Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

B        Analysis

    1.        Insufficient process and service

A plaintiff proceeding in forma pauperis may rely on the United States Marshals Service to effect service, but she maintains responsibility for preparing and presenting summonses to the clerk that are addressed properly to each defendant. See Fed. R. Civ. P. 4(b)-(c)(3); Scott v. Maryland State Dep't of Labor, 673 Fed. Appx. 299, 306 (4th Cir. 2016). For service by delivery to individual defendants, that proper address generally is the address of residence. See, e.g., Fed. R. Civ. P. 4(e)(2)(B); N.C. R. Civ. P. 4(j)(1)(a). For service by delivery to a corporation, a summons properly is addressed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service." Fed. R. Civ. P. 4(h)(1)(B). See, e.g., Fed. R. Civ. P. 4(h)(1).

Here, plaintiff proposed insufficient summonses for defendants in accordance with these rules. Plaintiff filed proposed summonses for individual defendants Ratcliff, Moss, Scott, and Hunt, designating a business address, 4700 Six Forks Road, Ste. 230, Raleigh, NC 27609, as the address for service. (DE 10). Where plaintiff provided only a business address for individual defendants, the summonses are insufficient.

Plaintiff also did not file a sufficient proposed summons for defendant North State Acceptance. The summons states that it is directed to "Kevin O-Neal – HR Manager – North State Acceptance." (E.g., DE 10 at 7).[2] There is no indication in the record, however, that O'Neal is

---

[2] Where O'Neal is not named as a defendant in the complaint, the court construes that proposed summons referencing O'Neal as an attempt to propose a summons for service upon North State Acceptance. Under these circumstances, the court declines defendants' suggestion to construe the proposed summons referencing O'Neal as an attempt to name O'Neal as a defendant.

3

"an officer, a managing or general agent, or any other agent <u>authorized by appointment or by law to receive service</u>." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). In addition, defendants assert that the individuals who signed for the summons were not agents authorized to receive service on behalf of defendant North State Acceptance. (DE 30).

In sum, plaintiff's proposed summonses are insufficient, resulting in insufficient service of process, under Rule 4.

2. Remedy

"If a defendant is not served within 90 days after the complaint is filed, the court. . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court in its discretion finds that an extension of time for service under Rule 4(m) is appropriate based on the circumstances of this case. Plaintiff is proceeding pro se and has requested an extension of time because she is caring for sick parents. (DE 32). Plaintiff filed her proposed summons 13 days after filing the complaint, which was well within the initial 90-day service window. (DE 21). This court granted previously defendants' motion for leave to file out of time, (DE 25), and in interest of fairness extends plaintiff the same courtesy to serve process in this case. That part of defendants' motion seeking dismissal of this action accordingly is denied.

At the same time, because the summonses previously proposed by plaintiff are insufficient, the court grants that part of defendants' motion seeking to quash plaintiff's summonses. Plaintiff's proposed summonses are quashed, and plaintiff must propose new summonses for issuance by the clerk and service by the Marshal. It is plaintiff's responsibility to specify the correct residential address for service upon individual defendants, and to specify "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service" upon defendant

North State Acceptance, along with the correct address for such officer or agent. Fed. R. Civ. P. 4(h)(1)(B); see Scott, 673 F. App'x at 306 (noting the district court provided "additional assistance by providing a website . . . where [the plaintiff] could obtain the proper name and address for serving [the] resident agent); see, e.g., Darden v. PRA Group, Inc., No. 3:20-CV-00650, 2021 WL 1572566 at *5 (W.D.N.C. 2021) (noting that the registered agent of a corporation doing business in North Carolina is "publicly available on the North Carolina Secretary of State's Website.").

Finally, where the court allows plaintiff an extension of time to serve defendants, and where plaintiff already responded in opposition to defendants' motion, plaintiff's motion for extension of time to respond to defendant's motion is denied as moot. The court addresses, however, plaintiff's suggestion that a 365 day stay of all case activities is warranted. Where Rule 4(m) provides an initial 90 day period for service of process, and allows an extension of time for an "appropriate period," the court finds an additional 90 day period of time for service appropriate under the circumstances of this case. Plaintiff thus is allowed an extension of time of 90 days from the date of this order to serve defendants. Plaintiff must file correctly addressed, proposed summonses with this time period allowed for service.

## CONCLUSION

Based on the foregoing, defendants' motion (DE 30) is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's motion (DE 32) is DENIED as moot. Plaintiff is allowed an extension of time of 90 days from the date of this order to serve defendants in accordance with the requirements set forth herein. SO ORDERED, this the 18th day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge